Level Green, Inc.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Doc. 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED
for Charlottesville
FEB 24 2006
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

| | |
|---|---|
| IN RE: LEVEL GREEN, INC., <br><br> *Debtor.* <br><br> LEVEL GREEN, INC., <br><br> *Appellant,* <br> v. <br><br> NOT DESIGNATED, <br><br> *Appellee.* | CHAPTER: 11 <br><br> BANKR. CASE NO.: 05-64816 <br><br><br> CIVIL ACTION NO. 3:06-CV-00004 <br><br><br> OPINION AND ORDER <br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Level Green Inc.'s appeal of the February 8, 2006 Order of the Bankruptcy Court dismissing its Chapter 11 petition. A hearing was held on the appeal on February 23, 2006. Appellant argues that the Bankruptcy Court erred by dismissing its case without giving it notice and an opportunity to be heard, and in the alternative, that the dismissal was an abuse of discretion.

## I. BACKGROUND

Appellant filed for Bankruptcy on October 15, 2005, not long after electronic filing became mandatory in the United States Bankruptcy Court for the Western District of Virginia.[1] In an Order dated October 20, 2005, the Bankruptcy Court informed Appellant that Bankruptcy that the schedules and financial statements required by Fed. R. Bankr. P. 1007 must be filed within fifteen (15) days of the date of the petition, and stated that failure to make the filings

---

[1] *See* "RECENT NEWS" at http://www.vawb.uscourts.gov/courtweb/enter1.html.

Dockets.Justia.com

within the time limit "will result in this case being dismissed without further notice or hearing." (Brief, Exh. A). The Bankruptcy Court's dismissal of this case is predicated on its not receiving Schedules A–F (the "schedules"). (Feb. 8 Order Dismissing Case; Docket Entries 17–19).

Counsel for Appellant has submitted documentation showing that he created a document entitled "Level Green schedules" on October 20, 2005. (Brief, Exh. B). He has also represented to the Court that he attempted to file the schedules electronically on October 25, 2005—within the allowed 15-day period—by scanning and submitting them the same way that he successfully filed the other mandatory schedules and statements.[2] Counsel was never informed that the schedules had not been successfully submitted. (Brief at 4–5). Instead, the case moved along: a creditors' meeting was held on December 13, 2006, at which counsel represents the schedules were examined by the U.S. Trustee and the creditors; a status hearing took place on January 9, 2006, the docket notation for which reads "Disclosure Statement has been filed; Case on track"; and after Appellant submitted a plan for reorganization, a reorganization hearing was scheduled for February 13, 2006.

The case was dismissed on February 8, 2006, without a prior hearing, and this appeal followed. Appellant filed his brief on February 21, 2006, and this matter is ripe for disposition on the merits because there are no appellees.

## II. DISCUSSION

Section 1112(b) of the Bankruptcy Code provides that a Chapter 11 case may be dismissed "after notice and a hearing." Section 102(1)(B) of the Code elaborates on the meaning of "after notice and a hearing," specifying that the phrase "authorizes an act <u>without an</u>

---

[2] The Bankruptcy Court's docket reflects that on October 25, 2005, it did receive Appellant's Statement of Financial Affairs, list of 20 largest unsecured creditors, and the attorney fee disclosure form electronically. (Docket Entries 17–19). The docket is not entirely clear, but the latter form apparently was the subject of a "Corrective Entry" on November 1, 2005.

actual hearing if such notice is given properly and if—(i) such a hearing is not requested timely by a party in interest." (emphasis added). However, Fed. R. Bankr. P. 1017(a) provides that a "case shall not be dismissed . . . for want of prosecution or other cause . . . prior to a hearing on notice as provided in Rule 2002." Rule 2002(a)(4) specifies that Chapter 11 debtors must receive 20 days' notice of "the hearing on the dismissal of the case."

The apparent inconsistency between Rule 1017(a)—which forbids dismissal prior to a hearing—and §102(1)(B)—which indicates that a "party in interest"[3] may forfeit its right to a hearing by failing to request a hearing after receiving "properly" provided notice—can be reconciled by reference to the Advisory Committee's note to §102(1):

> Paragraph (1) defines the concept of "after notice and a hearing." The concept is central to the bill and to the separation of the administrative and judicial functions of bankruptcy judges. The phrase means after such notice as is appropriate in the particular circumstances (to be prescribed by either the Rules of Bankruptcy Procedure or by the court in individual circumstances that the Rules do not cover. In many cases, the Rules will provide for combined notice of several proceedings), and such opportunity for a hearing as is appropriate in the particular circumstances. Thus, a hearing will not be necessary in every instance. If there is no objection to the proposed action, the action may go ahead without court action . . . . The change will permit the bankruptcy judge to stay removed from the administration of the bankruptcy or reorganization case, and to become involved only when there is a dispute about a proposed action, that is, only when there is an objection.

11 U.S.C.A § 102(1) advisory committee's note (emphasis added).

First, this note indicates that when a specific Rule of Bankruptcy of Procedure applies—as it does in the circumstances of a dismissal—the bankruptcy court does not have discretion to prescribe its own procedure governing notice and opportunity to be heard. Under this interpretation, the flexibility potentially afforded by §102(1) is trumped by Rule 1017, the plain language of which requires a hearing prior to dismissal. Even if this interpretation goes too far, it is plain that notice was not "properly" given and dismissal without a hearing was not

---

[3] Section 1109(b) of the Code defines "party in interest" to include "the debtor, the trustee, a creditors' committee, an equity security holder, or any indenture trustee . . . ."

"appropriate in the particular circumstances" of this case.[4] The evidence shows that Appellant timely submitted the other mandatory schedules and statements; had prepared the missing schedules before the submission deadline, attempted to file them before the deadline, and produced them for examination at a December 2005 creditors' meeting; had encountered technical problems with electronic filing as noted in November 1, 2005 docket entries; took steps to move the case along, including filing a plan of reorganization; was informed as recently as January 9, 2006 that the case was "on track"; and was never informed of the missing schedules. This combination of good faith attempts to comply with the October 20 Order and reasonable reliance on an understanding that the case was "on track" undermines any conclusion that Appellant was "properly" noticed that its case was subject to summary dismissal without hearing.

## CONCLUSION

The Bankruptcy Court erred by failing to provide notice and a hearing before dismissing this case. Accordingly, the dismissal Order of the Bankruptcy Court case is VACATED, and it is ORDERED that Appellant's case be REINSTATED. This appeal is DISMISSED and shall be STRICKEN from the docket of this Court, and this matter is hereby REMANDED to the Bankruptcy Court.

The Clerk of the Court is directed to send a certified copy of this Order to all parties.

ENTERED: _/s/_ _____
U.S. District Judge

Feb. 24, 2006
Date

---

[4] Further, the policy interests served by §102(1)—avoiding unnecessary hearings on issues not involving party objections, and the wasting of a bankruptcy court's time on purely "administrative" matters—are not served by dismissal without a hearing. Appellant strenuously objects to dismissal of a case to which he has devoted substantial resources and which has resulted in the impairment of his substantive rights; further, this case has progressed far beyond the initial stages and clearly implicates the bankruptcy court's "judicial" functions.